UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| C. S. STIRLING and ANN STIRLING, | ] ] ] |
| Plaintiffs, | ] ] |
| vs. | ] 7:08-CV-01332-LSC ] ] |
| FEDERAL INSURANCE COMPANY, et al., | ] ] ] |
| Defendants. | ] |

MEMORANDUM OF OPINION

I.  Introduction.

Plaintiffs C. S. Stirling and Ann Stirling ("Stirlings") filed suit against Federal Insurance Company, doing business as Chubb Group of Insurance Companies ("Chubb") and Wells Fargo Insurance Services of Alabama, Inc. ("Wells Fargo"), formally known as Duckworth, Morris, Acordia, in the Circuit Court of Pickens County, Alabama, on June 27, 2008.  In their complaint, the Stirlings accuse Chubb, a corporation organized and existing under the laws of the State of Indiana, of breaching its contract of insurance; acting in bad faith; negligently hiring, training, and

supervising employees; and making fraudulent misrepresentations in regard to insurance coverage on a home located at 3289 West Beach Boulevard in Gulf Shores, Baldwin County, Alabama.  The Stirlings also assert causes of action against Wells Fargo, a corporation organized and existing under the laws of the State of Alabama, for fraudulent misrepresentation and breach of contract to procure sufficient insurance coverage.

Chubb removed this case on July 25, 2008, and averred federal jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship).  In its notice of removal, Chubb maintains that the citizenship of Wells Fargo should not be considered by this Court because it was fraudulently joined.  Wells Fargo then filed a Motion to Dismiss staking out the same position as Chubb--that the Stirlings had failed to state a claim upon which relief could be granted against Wells Fargo.  (Doc. 7.)  In response, the Stirlings filed a Motion to Remand on August 25, 2008, arguing that Wells Fargo was not improperly joined and that this case should be remanded to the Circuit Court of Pickens County, Alabama.  (Doc. 10.) The issues raised in both motions have been fully briefed.  Since both

motions turn on the same axis of law and fact, the Court's ruling in one will determine the outcome of the other. Upon due consideration, and for the reasons that follow, this Court is of the opinion that Wells Fargo was not fraudulently joined, and this case is due to be remanded.

II.     Background.[1]

According to the their complaint, the Stirlings owned an interest in a home located in Gulf Shores, Alabama. On or about August 29, 2005, Hurricane Katrina struck the Gulf Coast. The Stirlings' home was a total loss, suffering both wind and flood related damage. Some time before the hurricane, the Stirlings acquired insurance for their property, employing Wells Fargo to procure that insurance. The complaint states,

> At all times pertinent hereto, the subject home was insured under two different homeowner's policies. Travelers Insurance Company provided flood coverage on the subject home, which was in effect on or about August 29, 2005. Whereas, Federal Insurance Company, a/k/a Chubb, provided casualty insurance, excluding flood coverage, for the subject home, which was in effect on or about August 29, 2005. Said policy was bound by Wells Fargo Insurance Services of Alabama, Inc.'s agent, Irvin Eatmon, in Pickens County, Alabama. (Doc. 1, Complaint, ¶ 5.)

---

1. The facts recited in this opinion are, unless otherwise indicated, taken from the allegations contained in the Plaintiff's complaint.

Following Hurricane Katrina, the Stirlings submitted a claim to both Travelers Insurance Company and Chubb for the damage to their home. Travelers Insurance paid the Stirlings claim, while Chubb denied liability on its policy.

This Court is free to disregard the citizenship of any defendant it determines has been fraudulently joined. *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998). In *Triggs*, the Eleventh Circuit Court of Appeals described three situations when a defendant can be considered to have been fraudulently joined:

> Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity. Joinder has been deemed fraudulent in two situations. The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), superceded by statute on other grounds as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993). The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. *Coker,* 709 F.2d at 1440. In *Tapscott,* 77 F.3d at 1355 (11th Cir. 1996), a third situation of fraudulent joinder was identified—i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.

*Id.*

However, the burden on the removing party to prove fraudulent joinder is a "heavy one." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997); *see also, De Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).  In assessing a fraudulent joinder objection, "the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor."  *De Perez,* 139 F.3d at 1380.  The "determination of whether a resident has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, *supplemented by any affidavits and deposition transcripts submitted by the parties.*"  *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005) (emphasis in original) (quoting *De Perez,* 139 F.3d at 1380).  "The proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b)."  *Id.* at 1322-23 (internal citations omitted).

Even though factual considerations are resolved in favor of the

plaintiff, "there must be some question of fact before the district court can resolve that fact in the plaintiff's favor." *Id*. at 1323.  In other words, if the defendant offers sworn statements supporting the allegation of fraudulent joinder, the Plaintiff must present evidence to dispute the assertions in the affidavits or other evidence.  *Id*.  When evidence submitted by the Defendant is undisputed, "the court cannot then resolve the facts in the Plaintiffs' favor based solely on the unsupported allegations in the Plaintiffs' complaint."  *Id*.  The Court simply cannot, "*in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts*."  *Id*. (quoting *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393-94 (5th Cir. 2000) (emphasis in original)).

In addition to factual considerations, the plaintiff must state a valid claim. However, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (internal citations omitted).  When assessing possibility, the Eleventh Circuit colorfully

stated, "In considering *possible* state law claims, possible must mean more than such a possibility that a designated residence can be hit by a meteor tonight.  That is possible. Surely, as in other instances, reason and common sense have some role." *Legg*, 428 F.3d at 1325 n.5 (internal citations omitted).   In other words, a plaintiff must show that the potential for legal liability is "reasonable" and "not merely theoretical." *Id*. (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 1992)).

    III.  Discussion and Analysis.

As a basis for maintaining that Wells Fargo was fraudulently joined, Chubb relies on the ground that there is no reasonable possibility that Wells Fargo could be found liable for the claims asserted against it by the Stirlings.  (Doc. 1, Notice of Removal, ¶ 17.)  In count five of the complaint, the Stirlings maintain that Wells Fargo "specifically breached its agreement and failed to procure the appropriate coverage sought by the Plaintiffs."  (Doc. 1, Complaint, ¶ 31.)  Chubb makes several arguments as to why this statement is insufficient to establish a legitimate cause of action.  Chubb maintains that all claims are barred by

statute of limitations issues and that no set of facts exist that can support a claim of negligence or breach of contract. When the facts are viewed in a light most favorable to the party seeking remand, however, all of these arguments fail to meet Chubb's burden.

On its face, at least, the complaint states a cause of action for either breach of contract to procure insurance or negligence. *See Lewis v. Roberts*, 630 So. 2d 355, 357 (Ala. 1993) ("When an insurance agent or broker, with a view to compensation, undertakes to procure insurance for a client and unjustifiably or negligently fails to do so, he becomes liable for any damage resulting therefrom."); *Waldon v. Commercial Bank*, 50 Ala. App. 567, 570 (Ala. Civ. App. 1973) ("Where the broker has failed in the duty he has assumed of obtaining protection against a designated risk, the principal may sue either for breach of the contract or, in tort, for breach of duty imposed on the broker."); *First Alabama Bank, N.A. v. First State Ins. Co.*, 899 F.2d 1045, 1067 (11th Cir. 1990) ("In Alabama, when an insurance broker fails in the duties he assumes, one can sue him either for breach of contract or in tort."); *Bryan v. Lexington Ins. Co.*, 2006 U.S. Dist. LEXIS 53833 (S.D. Ala. July 20, 2006) (refusing to find

fraudulent joinder in procurement action arising from damage suffered in Hurricane Ivan). The Stirlings have provided affidavits testifying that they contracted with Wells Fargo to provide adequate insurance for their home. (Doc. 10, Exs. A and B; Doc. 17, Ex. A.) If Chubb can show that it does not owe coverage for the damage to the home, the Stirlings may be able to collect against Wells Fargo.

Furthermore, the statute of limitations arguments propounded by Chubb and Wells Fargo are unavailing at this point in the litigation. A negligent procurement cause of action accrues when the insurer refuses to honor the beneficiary's claim. *Kanellis v. Pacific Indem. Co.*, 917 So. 2d 149, 153 (Ala. Civ. App. 2005). There is a factual dispute in this case regarding when Chubb denied the Stirlings' claim. Chubb maintains that a February 15, 2006 letter served as a refusal to honor the claim, providing an affidavit by Timothy Blake, the adjuster for the Stirlings' policy, attesting to that fact. (Doc. 15 at 6; *Id.* at Ex. 4.) The Stirlings argue that this letter was merely a preliminary rejection, as Chubb noted that, upon receipt of further documentation, it would "gladly reopen our file for consideration of that information." (Doc. 10, Ex. A at 5.) When the

Stirlings indicated that they would provide further evidence of their loss, Chubb responded that upon "receipt of this documentation, we will review for further consideration." (Doc. 10 at 41.) Chubb's final determination was issued on May 27, 2008. (Doc. 10 at 53-54.) Resolving factual disputes in the Stirlings' favor, this Court is satisfied that, for the purposes of remand at least, the Stirlings' claims are not time barred.

Chubb also makes several arguments that the Stirlings' claims are barred as a matter of law. First, Chubb argues that the Stirlings' negligence claims are barred by contributory negligence while their contract claims are barred by avoidable consequences. Chubb also claims that the facts will show that there was no express promise by Wells Fargo to use due care, thereby preventing the Stirlings from maintaining a breach of contract action for the failure to procure insurance. Finally, Chubb claims that the Merger Doctrine applies. Chubb, however, has not met the heavy burden necessary to show that the Stirlings' claims are barred as a matter of law and that Wells Fargo has been fraudulently joined. While the procedure for determining fraudulent joinder is similar to summary judgment,

> the plaintiff need not show that he could survive in the district court a motion for summary judgment filed by that in-state defendant. For a remand, the plaintiff's burden is much lighter than that: after drawing all reasonable inferences from the record in the plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there need only be a reasonable basis for predicting that the state law might impose liability on the facts involved. Because the procedures are similar while the substantive standards are very different, district courts must exercise extraordinary care to avoid jumbling up motions for remand and motions for summary judgment that come before them.

*Crowe v. Coleman*, 113 F.3d 1536, 1541-42 (11th Cir. 1997). *See also, Landrum v. Delta Int'l Mach. Corp.*, 2008 U.S. Dist. LEXIS 43561 *4-5 (M.D. Ala. June 3, 2008); *Cherry v. AIG Sun Am. Life Assur. Co.*, 2008 U.S. Dist. LEXIS 13275 *5 n.2 (M.D. Ala. Feb. 21, 2008).

Because Chubb and Wells Fargo have not met their burden, this case is due to be remanded.

IV. Conclusion.

For the reasons herein stated, this Court grants the Stirlings' Motion. This matter will be remanded to the Circuit Court of Pickens County, from whence it came. A separate order consistent with this Opinion is issued herewith.

Done this 25th day of November 2008.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

153671